UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: CRAIG ALEXANDER | 25-CV-4513 (JAV) |
|---|---|
| | ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is proceeding *pro se*, is currently held in the West Facility on Rikers Island. He initiated this action by letter, which the Court construes as a complaint alleging that West Facility mailroom personnel have been withholding incoming legal and non-legal mail from that jail's prisoners, including him, and are doing so due to a policy, custom, or practice of the New York City Department of Correction ("DOC"). ECF No. 1. The Court understands the complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law. By order dated August 1, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."); *Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

In light of Plaintiff's *pro se* status and the nature of his allegations, the Court understands Plaintiff's letter complaint as asserting claims against the City of New York. Accordingly, the Court directs the Clerk of Court to add as defendant in this action, under Rule 21, the City of New York. This amendment is without prejudice to any defenses the defendant may wish to assert.

Another West Facility detainee has filed the same letter, and that submission was opened as a complaint commencing a new civil action. *See In re Sajetta*, 25-CV-2574 (JAV). The Court has accepted this case as related to *In re Sajetta*. In *In re Sajetta*, the New York City Law Department identified the mailroom officer at the West Facility during the relevant time period as Correction Officer ("C.O.") Bertteen Chambers, Shield #14038. (ECF 1:25-CV-2574, No. 17).

To the extent Plaintiff intends to assert claims against C.O. Chambers, Plaintiff must file an amended complaint naming the newly identified individual as a defendant by no later than **November 11, 2025**. The amended complaint will replace, not supplement, Plaintiff's original filing. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order requesting that the newly named defendant waive service of summonses.

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summonses.

## CONCLUSION

The Court directs the Clerk of Court to add as defendant in this action, under Rule 21 of the Federal Rules of Civil Procedure, the City of New York.

The Court further directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court

2

requests that the City of New York waive service of summones.  The Court also directs the Clerk of Court to mail an information package to Plaintiff.

SO ORDERED.

Dated:   October 6, 2025
         New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge